NO. 07-02-0053-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 4, 2002



______________________________



BETTY ANN NEWBY, 


 

 Appellant


v.



TISDALE SIDING, INC.



 Appellee

_________________________________



FROM THE COUNTY COURT OF HUTCHINSON COUNTY;



NO. 5682; HON. JACK WORSHAM, JUDGE


_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant Betty Ann Newby, proceeding pro se, filed a notice of appeal from the trial
court's judgment dated October 7, 2001. Both the clerk's record and reporter's record
have been filed. Appellant's brief was originally due March 4, 2002, which date came and
went without a brief or extension being filed. The Court notified appellant on March 14,
2002, 

that the brief was past due and that failure to reasonably explain the reasons therefor
could result in dismissal. On March 15, 2002, a motion for extension of time to file the brief
was filed and appellant was granted an extension until March 29, 2002. So too was she
admonished that no further extensions would be granted without extreme and unusual
circumstances. The March 29, 2002 deadline has passed without appellant filing either
a brief or a further motion to extend the deadline.

 Accordingly, we dismiss the appeal for want of prosecution. See Tex. R. App. P.
38.8(a)(1) and 42.3(b) and (c).


 Per Curiam

 


Do not publish.



 now urges us to dismiss the appeal
because the order denying the plea was not final, and Smith cannot invoke §51.014(a)(8)
as a means of vesting us with jurisdiction to resolve the interlocutory dispute. 

 Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows one to
appeal an interlocutory order that "grants or denies a plea to the jurisdiction by a
governmental unit as that term is defined in Section 101.001" of the same code. Tex. Civ.
Prac. & Rem. Code Ann. §51.014(a)(8) (Vernon Supp. 2004). The State believes that
Smith cannot invoke that provision because his plea was not one "by a governmental unit." 
Furthermore, it was not one by a governmental unit allegedly because the suit to remove
him from office was not one against him in his official capacity. This very argument was
asserted by the State and rejected by this court in Crawford v. State, No. 07-02-0471-CV
(Tex. App.-Amarillo 2002, no pet.) (not designated for publication). There, we concluded
that an attempt to remove a constable from office was a suit not only against the constable
in his official capacity but also the county. Id. The State neither addresses Crawford in its
motion or attempts to persuade us that the holding was wrong. To avoid inconsistency, we
adopt the reasoning and result in Crawford and apply it to the case now before us. Tex.
R. App. P. 47.7 (permitting citation to a prior opinion not designated for publication). 

 Accordingly, the motion to dismiss is overruled.

 

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004).